IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARVEY C. ROUPE, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-949 |
| ) | Judge David S. Cercone/ |
| COUNTY OF WESTMORELAND, ) | Magistrate Judge Francis |
| WESTMORELAND COUNTY PRISON, a ) | X. Caiazza |
| subdivision of the County of ) | |
| Westmoreland, MICHAEL ) | |
| MILLWARD, Former Warden of ) | |
| Westmoreland County Prison, ) | |
| CORNELL CORRECTIONS, Inc., and) | |
| WILLIAM NICHOLSON, Medical ) | |
| Supervisor for Cornell ) | |
| Corrections, ) | |
| ) | |
| Defendants. ) | Re: Doc. Nos. 6, 9 & 13 |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

It is respectfully recommended that the Defendants' Motions to Dismiss be denied.

**II.  REPORT**

**A.  Procedural and Factual History**

Harvey C. Roupe, Jr.,("the Plaintiff" or "Roupe"), was incarcerated at the Westmoreland County Prison at all times relevant to this action. Represented by privately retained counsel, the Plaintiff has filed a civil rights Complaint essentially alleging a denial of medical treatment in violation of the United States Constitution and in violation the Pennsylvania State Constitution. He has named five Defendants:

1) Westmoreland County; 2) the Westmoreland County Prison ("WCP"); 3) Michael Millard, a former acting Warden at the WCP; 4) Cornell Corrections, Inc. ("Cornell"), an independent contractor providing medical services at WCP; and 5) William Nicholson, who was alleged to have been the Medical Supervisor for Cornell Corrections.

In his Complaint Roupe alleges violations of the provisions of 42 U.S.C. § 1983 as well as violations of the Pennsylvania State Constitution, which, parenthetically, were pled into this action pursuant to this court's supplemental jurisdiction. More specifically, Roupe alleged that at the time of his incarceration, which occurred on September 19, 2002, he had three pre-existing liver diseases: *i.e.*, 1) a progressive liver disease; 2) an acute hemochromatosis and 3) hepatitis C. His case is tied to the medical treatment he received during the period of time he was incarcerated.

In his Complaint Roupe alleges that for several years prior to his incarceration he had been receiving treatment for his liver diseases. Doc. 1 at ¶ 16. The Plaintiff claims that when he was incarcerated he immediately informed the medical department at WCP of his diseases and his need for treatment. His regimen included weekly phlebotomies. He also claims that if the treatments were interrupted he would be exposed to even more severe complications. Doc. 1 at ¶¶ 17-20. From the date of his

incarceration, *i.e.*, September 19, 2002, until the date he was given an early release due to "good behavior" on July 10, 2003, Roupe claims he never received the required treatments -despite numerous requests. He claims that he was informed that it was his responsibility to pay the sheriff's deputies when and if he was transported to the hospital for the tests. In addition, Roupe alleges that he was informed that the WCP's contract with Cornell did not cover the treatment regimen necessitated by his kidney aliments. Doc. 1 at ¶¶ 22-23.

Roupe filed his Complaint on July 11, 2005. The Defendants Westmoreland County and WCP were the first to file a Motion to Dismiss. Next, Defendants Cornell Corrections and Michael Millward filed a Motion to Dismiss. Subsequently, William Nicholson also filed a Motion to Dismiss. All of the Motions to Dismiss filed subsequent to the first motion filed by the County and WCP incorporated by reference the arguments set out in the initial motion. Only Defendant Millward raised an additional basis in his motion and that defense will be addressed separately.

### B. Applicable Legal principles

A motion to dismiss pursuant to Rule 12(b)(6) cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." See Hishon v. King & Spalding, 467 U.S.

69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). The Court of Appeals for the Third Circuit expanded on this standard of review applicable to motions to dismiss within the context of a Section 1983 lawsuit:

> [Courts] must determine whether, under any reasonable reading of the pleadings, the plaintiffs may be entitled to relief, and we must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom . . . The complaint will be deemed to have alleged sufficient facts if it adequately put the defendants on notice of the essential elements of the plaintiffs' cause of action. Since this is a § 1983 action, the plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution . . . In considering a Rule 12(b)(6) motion, we do not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims.

Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002)(internal citations omitted). Given the liberal notice pleading standards of Fed.R.Civ.P. 8, the grant of a motion to dismiss should be rare. See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am., 795 F.2d 948, 953 (11th Cir. 1986) ("Although authorized by the Federal Rules of Civil Procedure, the liberal rules as to the sufficiency of a complaint make it a rare case in which a motion [to dismiss] should be granted."); Priester v. Lowndes County, 354 F.3d 414, 418 (5th Cir. 2004).

The above standard of review is critical to the disposition of this case because many of the arguments of the Defendants depend on a contrary standard of review. For example, the Defendants write that "courts have set forth heightened specificity requirements for pleadings in § 1983 claims. *Plasko v. City of Pottsville*, 852 F.Supp. 1258, 1261 (E.D. Pa. 1994)." Doc. 7 at 4  Although this is a correct characterization of the holding of Plasko, it is not the current state of federal jurisprudence. *See* Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993). The holding in Plasko is also contrary to the holding of Evancho v. Fisher, 423 F.3d 347, 352 (3d Cir. 2005)("[I]n *Leatherman v. Tarrant County*, the Court ... rejected the suggestion that a heightened pleading standard  -more stringent than the usual pleading requirements of Rule 8(a)- should apply in civil rights cases.")(citing Weston v. Commonwealth of Pennsylvania, 251 F.3d 420, 429 (3d Cir. 2001)).

C. **Discussion**

    1.  Exhaustion Issue

The first defense raised by the Defendants is that the Plaintiff failed to comply with the administrative exhaustion requirement required by the Prison Litigation Reform Act which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other

Federal law, **by a prisoner confined in any jail**, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). A reading of the Complaint reveals that at the time this action was commenced, *i.e.* on July 11, 2005, Roupe was not a "prisoner." The Complaint alleges that he was released from the WCP on July 10, 2003. In any event, the record is, at best, silent with respect to Roupe's status at the time he filed the Complaint. Because the exhaustion of administrative remedies is an affirmative defense, Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002), the silence of the record redounds to the Defendants' detriment at this stage of the proceedings. If Roupe was not a prisoner at the time he filed the Complaint, Section 1997e(a) would not be applicable to him. See also Ahmed v. Dragovich, 297 F.3d 201, 210 (3d Cir. 2002) and *e.g.*, Greig v. Goord, 169 F.3d 165, 167 (2d Cir. 1999). See also Wilson v. Hampton County, No. 9:05-1777PMD, 2005 WL 2877725, *3 (D.S.C. Oct. 31, 2005)("the Court holds that the exhaustion-of-remedies requirement in the PLRA does not apply to plaintiffs who file § 1983 actions after being released from prison").

    2.  Municipal Liability

The Defendant Westmoreland County properly recognizes that for Roupe to recover against a municipal defendant he must allege that his injuries were suffered as a result of a public policy.

Doc. 7 at 7 (citing Polk County v. Dodson, 454 U.S. 312, 325 (1981)).

Under the liberal notice pleading standards of Rule 8, there is no requirement that a plaintiff set out in minute detail the precise facts which support his or her action. Cf. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511 (2002)("under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case"). Here, in his Complaint Roupe alleges that the "violations of Plaintiff's constitutional rights . . . were directly and proximately caused by Defendant, County of Westmoreland, Westmoreland County Prison, and Cornell Corrections, Inc. [because of the] ratification of policies, practices and customs concerning medical treatment of inmates. . . ." Doc. 1 at ¶ 41. This allegation is sufficient under the liberal federal pleading requirements. See Leatherman, 507 U.S. at 168.

   3.  Failure to State a Deliberate Indifference Claim

Next, the Defendants contend that Roupe's Complaint fails to allege an Eighth or Fourteenth Amendment violation. Doc. 7, at 12. Both constitutional amendments are applicable here. From September 19, 2002 until January 28, 2003, Roupe was a pre-trial detainee. Doc. 1 at ¶ 21. From January 28, 2003 until July 10, 2003, he was a convicted prisoner. That said, different constitutional amendments are applicable, depending on the

Plaintiff's status. See Mathis v. Fairman, 120 F.3d 88, 91 (7th Cir. 1997) (the Eighth Amendment is applicable to persons who have been convicted and the due process clause of the Fourteenth Amendment is applicable to pre-trial detainees). The distinction is, however, of little consequence. See Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1425 n.6 (11th Cir. 1997)("We have held that the minimum standard for providing medical care to a pre-trial detainee under the Fourteenth Amendment is the same as the minimum standard required by the Eighth Amendment for a convicted prisoner; both the right to due process and the right to be free from cruel and unusual punishment are violated by a government official's deliberate indifference to serious medical needs."). Parenthetically, in our Circuit, the question is seemingly unresolved. See Woloszyn v. County of Lawrence, et al., 396 F.3d 314 (3d Cir. 2005). Here, the court will find that the standards under the Eighth and Fourteenth amendments are sufficiently similar and do not require a separate analysis.

    The Complaint alleges that the Plaintiff required treatment for his liver diseases and that Defendant "Nicholson continuously advised Mr. Roupe that said Plaintiff would have to hire the Sheriff's Department of Westmoreland County to transport him to the local hospital for **all** treatments". In his Complaint Roupe also alleges that "treatment for diseases of the Plaintiff was not in the contract between Defendant, County of Westmoreland and

Defendant, Cornell Corrections, Inc." Doc. 1 at ¶¶ 22-23 (emphasis added). A fair reading of the Complaint shows that the Plaintiff's serious medical need went untreated because: 1) "all" trips for treatments for his disease had to be arranged through the Sheriff's department, and inferentially, this did not occur, and/or 2) the Plaintiff received no treatment for his diseases because the medical contract with Cornell did not provide for the treatment regimen he required. Those allegations are sufficient at this stage of the litigations to state a claim of deliberate indifference.

4. The State Law Claims

Because the federal claims remain viable, the supplemental state claims likewise remain a part of this action.

5. The Defendant Willward

Defendant Millward raised one additional argument. Doc. 10 at 2-3. He contends that in the Complaint there is only one allegation set out against him. In that lone allegation Roupe claims that Millward had knowledge of his serious illnesses and that he did nothing about it. That allegation is sufficient to state a claim of deliberate indifference at this stage of the litigation..

### III. CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Local Rule 72.1.4 B, the parties are

allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

*Francis X. Caiazza*
Francis X. Caiazza
U.S. Magistrate Judge

Dated: January 25, 2006.

cc:  The Honorable David S. Cercone
     United States District Judge


     Samuel S. Pangburn
     30 East Beau Street
     Suite 605
     Washington, PA 15301

     Thomas P. Pellis
     Meyer, Darragh, Buckler, Bebenek & Eck
     114 South Main Street
     Greensburg, PA 15601

     Peter J. Ennis
     Susan M. Overton
     Klett, Rooney, Lieber & Schorling
     One Oxford Centre
     40th Floor
     Pittsburgh, PA 15219

     Joseph S.D. Christof, II
     Brett W. Farrar
     Dickie, McCamey & Chilcote
     Two PPG Place
     Suite 400
     Pittsburgh, PA 15222-5402